```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
               Civil No. 11-576(DSD/FLN)
```

John T. Masink,

       Plaintiff,

v.                                                    **ORDER**

Michael J. Astrue, Commissioner
of the Social Security Administration,

       Defendant.

    Neut L. Strandemo, Esq. and Strandemo, Sheridan & Dulas, PA, 1380 Corporate Center Curve, Suite 320, Eagan, MN 55121, counsel for plaintiff.

    David W. Fuller, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the objection by plaintiff John T. Masink to the June 1, 2012, report and recommendation of United States Magistrate Judge Franklin L. Noel. In his report, the magistrate judge recommends that the court grant the motion for summary judgment by defendant Commissioner of Social Security (Commissioner). After a de novo review, and for the following reasons, the court adopts the report and recommendation.

## BACKGROUND

Masink seeks judicial review of the Commissioner's decision to deny his January 2003 application for disability insurance

benefits.[1]  The Commissioner denied Masink's application  initially and upon reconsideration.  In response, Masink requested a hearing before an administrative law judge (ALJ).  At the ALJ hearing, Masink explained that he was a foster parent for five special-needs children, aged fourteen to nineteen, and that he received $30 to $50 per child per day - or roughly $30,000 to $40,000 per year. Tr. 421-23.  John Brezinski, a vocational expert, also testified and explained that workers in comparable front-line positions in group homes earn roughly $8.00 to $12.00 per hour and management positions pay $30,000 to $60,000 per year.  Tr. 444-45.  Following testimony, the ALJ followed the five-step process outlined in 20 C.F.R. § 404.1520, and determined, at step one, that Masink engaged in substantial gainful activity (SGA).  As a result, Masink was not eligible for disability benefits.

Masink appealed, and the Social Security Appeals Council vacated the ALJ's decision.  Tr. 69.  The Appeals Council explained that Minnesota Statutes do not consider foster-care payments to be income for tax purposes.  Further, the Appeals Council concluded that it did not appear that Masink received difficulty-of-care payments.[2]  Tr. 69-70.

---

[1] Masink initially claimed that his disability began on July 31, 2001, but later amended the date to September 1, 2005.

[2] Difficulty-of-care payments are additional compensation provided for the care of special-needs foster children.

On remand, the ALJ determined that in addition to Masink's regular foster care payment, he received a monthly difficulty-of-care payment of $1,774. Tr. 16-17. The ALJ noted that although this payment is not taxed, it does indicate a perceived value for the services rendered. The difficulty-of-care payments exceeded the SGA threshold, and the ALJ again denied Masink's claim. Tr. 17. On January 7, 2011, the Social Security Appeals Council denied Masink's request for review.

Masink filed the present action on March 7, 2011, seeking judicial review of the ALJ's decision. Both parties moved for summary judgment. The magistrate judge recommends granting the Commissioner's motion. Masink objects.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decision of the ALJ for substantial evidence. See 28 U.S.C. § 636(b)(1)(C); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). "However, the mere fact that

some evidence may support the opposite conclusion than that reached by the Commissioner does not compel [the] [c]ourt to reverse the decision of the ALJ." Id. (citation omitted). Rather, if it is possible to reach "two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005) (citation omitted).

Masink objects to the magistrate judge's finding that his foster-care services amount to SGA. A self-employed individual engages in SGA when the "work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in [the earning table in] § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work."[3] 20 C.F.R. § 404.1575(a)(2)(iii). In 2005, the threshold SGA was an average monthly income of $830. Id. § 404.1574(b)(2); see also Office of the Chief Actuary, Substantial Gainful Activity, www.ssa.gov/oact/COLA/sga.html (last updated Oct. 19, 2011).

---

[3] If an individual is self-employed the court can make up to three SGA inquiries. See 20 C.F.R. § 404.1575(a)(2) ("If you have not engaged in substantial gainful activity under test one, then we will consider tests two and three."). The ALJ determined that Masink engaged in SGA under tests two and three. Tr. 16-17. 17. The magistrate judge found SGA only as to test three. See ECF No. 17, at 11-12. Because the court adopts the magistrate judge's finding as to test three, it need not review the decision as to test two.

4

Masink argues that difficulty-of-care payments are not income under Minnesota Rules and should not be considered for SGA purposes. See Minn. R. 9560.0521, subp. 7. As the magistrate judge correctly noted, however, it is irrelevant whether these payments constitute taxable income. Instead, for purposes of analysis under step three the court inquires as to whether Masink provided services that add "value to the business" in an amount greater than $830 per month. See 20 C.F.R. § 404.1575(a)(2)(iii). At the ALJ hearing, Brezinski explained that similar positions in group homes pay $8.00 to $12.00 per hour (approximately $1,280 to $1,920 per month),[4] which is less than Masink receives in difficulty-of-care payments. See Dukes v. Barnhart, 436 F.3d 923, 927 (8th Cir. 2006) (finding SGA when plaintiff engaged in services that rendered value at an amount greater than that outlined in the earning table). As a result, this argument is without merit.

Masink next argues that he is only able to provide foster-care services for up to two hours a day. Masink, however, is licensed by a private agency to care for special-needs children. And although Masink sometimes receives help from these children, the magistrate judge correctly noted that Masink still performed household and administrative tasks sufficient to maintain his license. Therefore, this argument is without merit.

---

[4] Masink objects and argues that Brezinski's testimony was inconclusive. Masink, however, provides no support for this assertion.

Masink next argues that the magistrate judge's decision conflicts with Social Security Rule 83-34. See SSR 83-34, 1983 WL 31256 (1983). Rule 83-34 states that "[s]elf-employment activity of blind persons ... should be evaluated only in terms of dollar amounts shown in the SGA Earning Guidelines .... [and not] in terms of the tests of comparability or worth of work." Id. at *10. Blind persons are defined as having a "central visual acuity of 20/200 or less in the better eye with the use of correcting lens." 20 C.F.R. § 404.1581. Masink's visual acuity after correction in his right and left eye is 20/30 and 20/80, respectively. Tr. 376. In other words, Masink is not blind, and the magistrate judge correctly determined that Masink engaged in SGA. Therefore, Masink's objection is overruled.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's objection [ECF No. 19] to the magistrate judge's report and recommendation is overruled;

2.   The magistrate judge's report and recommendation [ECF No. 17] is adopted;

3.   Plaintiff's motion for summary judgment [ECF No. 9] is denied; and

    4.   Defendant's motion for summary judgment [ECF No. 12] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 23, 2012

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court